Jianchao Li (CA Bar No. 357591)
peterli@lawmayus.com
**LawMay P.C.**
2108 N St., Ste. 9124
Sacramento, CA 95816
Tel: 213-682-7241

*Attorney for Plaintiff,*
Sichuan Chaohaowan Wenhuachuangyi Co., Ltd.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| Sichuan Chaohaowan Wenhuachuangyi Co., Ltd.,<br><br>                                    Plaintiff,<br><br>          v.<br><br>dbest products, Inc.,<br><br>                                    Defendant. | Case No.: 2:26-cv-03255<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT AND OTHER RELIEF**<br><br>DEMAND FOR JURY TRIAL |

- 1 -

PLAINTIFF'S COMPLAINT FOR
DECLARATORY JUDGMENT

Plaintiff Sichuan Chaohaowan Wenhuachuangyi Co., Ltd. ("Chaohaowan" or "Plaintiff") files this Complaint for Declaratory Judgment against Defendant dbest products, Inc. ("Defendant"), and in support of its Complaint alleges as follows:

## NATURE OF THE ACTION

1.     This action arises under the Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., and the United States Patent Act, 35 U.S.C. § 1 et seq.

2.     Plaintiff seeks declaratory judgments that U.S. Patent No. 12,304,546 (the "'546 Patent") and U.S. Patent No. 12,275,446 (the "'446 Patent") are invalid, unenforceable, and not infringed by Plaintiff's products. A copy of the '546 Patent is attached hereto as **Exhibit 1**. And a copy of the '446 Patent is attached hereto as **Exhibit 2**.

3.     Plaintiff brings this action in view of the actual controversy created by Defendant. Defendant has abusively asserted patent infringement claims against Plaintiff's products with Amazon, causing Amazon to wrongfully remove Plaintiff's product listings.

## THE PARTIES

4.     Plaintiff Sichuan Chaohaowan Wenhuachuangyi Co., Ltd. is a company organized under the laws of China, having its principal place of business at Room 2, Floor 17, Unit 2, Building 1, No. 27, Section 4, Renmin South Road, Wuhou District,

- 2 -

PLAINTIFF'S COMPLAINT FOR
DECLARATORY JUDGMENT

**LawMay P.C.**
2108 N St., Ste. 9124
Sacramento, CA 95816
Telephone: 213-682-7241

Chengdu, Sichuan, China. Plaintiff conducts business through a storefront on Amazon.com under the name "Chaohaowan" (Seller ID: A24GXO8UDO6AVD).

5.　Upon information and belief, dbest products, Inc. is a corporation organized under the laws of the State of California, with its principal place of business at 16506 S Avalon Blvd, Carson, California 90746.

## JURISDICTION AND VENUE

6.　This action arises under the Declaratory Judgment Act, 28 U.S.C. § 2201, et seq., and the United States Patent Act, 35 U.S.C. § 1, et seq. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 2201, 2202, 1331, and 1338(a) because an actual case or controversy currently exists between the parties regarding the patents-in-suit. Additionally, the Court would have subject matter jurisdiction over this action if Defendant initiated suit for patent infringement.

7.　This Court has personal jurisdiction over Defendant because Defendant is a corporation organized and existing under the laws of California, with its principal place of business alleged to be at 16506 S Avalon Blvd, Carson, California 90746, which is within this judicial district.

8.　Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) because Defendant resides in this District, as defined by 28 U.S.C. § 1391(c)(2).

- 3 -

PLAINTIFF'S COMPLAINT FOR
DECLARATORY JUDGMENT

**LawMay P.C.**
2108 N St., Ste. 9124
Sacramento, CA 95816
Telephone: 213-682-7241

## FACTUAL BACKGROUND

**A. The Non-Infringing Products and Defendant's Wrongful Amazon Complaints**

9. Plaintiff sells storage boxes ("Seller's Products") on Amazon.com. These products are identified by Amazon Standard Identification Numbers (ASINs), including but not limited to: B0BN2XX6Y7, B0BN2ZCQ9C, B0C246FGVR, B0BKKLFQYF, B0B2R2XXN2, B0C24BFLGC, B0C246Y8FW, B0B2R3SSP5, B0C2461R31, B0C249TV1K, B0C24BJ5J9, B0B2R9M455, B0BKKHG6H3, B0C248QKS1, B0BKKNYCCL, B0B2R3V161, B0BN31XL8N, B0BN2Y6R7N, B0BN2ZXHKR, and B0BN2Z91F3.



10. On or about November 7, 2025 and November 14, 2025, Amazon removed Plaintiff's listings for the aforementioned ASINs. This delisting was prompted by Amazon Complaint Nos. 18782209521 and 18811494561 submitted by

PLAINTIFF'S COMPLAINT FOR
DECLARATORY JUDGMENT

**LawMay P.C.**
2108 N St., Ste. 9124
Sacramento, CA 95816
Telephone: 213-682-7241

Defendant, which alleged that Seller's Products infringe the '446 Patent and the '546 Patent. *See* **Exhibit 3**.

11. Upon information and belief, Defendant did not obtain samples of Plaintiff's Seller's Products prior to filing its complaints with Amazon alleging patent infringement.

12. By asserting baseless patent infringement claims against Plaintiff's non-infringing products, Defendant has abused Amazon's intellectual property enforcement procedures. Defendant exploited these takedown procedures to effectively bypass judicial scrutiny and deprive Plaintiff of the ability to conduct its business on the platform.

**B. The Patents-In-Suit, Prior Art, and Unlawful Addition of New Matter**

**1. U.S. Patent No. 12,304,546 (the '546 Patent)**

13. The storage box design asserted by Defendant in the '546 Patent was publicly disclosed and patented by Plaintiff's supplier, HAIXIN, long before Defendant purportedly "invented" it. Specifically, HAIXIN disclosed the exact same storage box structure in Chinese Patent No. CN214987334 (the "HAIXIN Patent," attached hereto as **Exhibit 4**), which was published on December 3, 2021. Furthermore, HAIXIN publicly sold its own products embodying this design on Amazon under ASIN B0B4FZWRVR since at least as early as 2022 (attached hereto

- 5 -

PLAINTIFF'S COMPLAINT FOR
DECLARATORY JUDGMENT

**LawMay P.C.**
2108 N St., Ste. 9124
Sacramento, CA 95816
Telephone: 213-682-7241

as **Exhibit 5**, verified by the Wayback Machine).



*(Figure in HAIXIN Patent published on December 3, 2021 in **Exhibit 4**)*



*(Screenshot of HAIXIN's listing in 2022, verified by the Wayback Machine, also*

- 6 -

PLAINTIFF'S COMPLAINT FOR
DECLARATORY JUDGMENT

**LawMay P.C.**
2108 N St., Ste. 9124
Sacramento, CA 95816
Telephone: 213-682-7241

*shown in* **Exhibit 5**)

14.    Defendant's earlier patent applications in the '546 Patent's family tree covered only a basic collapsible cart and did not include the storage box structure. For example, U.S. Application No. 17/143,116, filed on January 6, 2021 (which later issued as U.S. Patent No. 11,338,835, attached hereto as **Exhibit 6**), disclosed only an open cart without any enclosed storage box, storage-box with panels, or multi-panel walls forming a box-like enclosure.



*(Fig. 1 of the '835/'446/'546 Patent)*

- 7 -

PLAINTIFF'S COMPLAINT FOR
DECLARATORY JUDGMENT

**LawMay P.C.**
2108 N St., Ste. 9124
Sacramento, CA 95816
Telephone: 213-682-7241

15. Upon information and belief, it was not until March of 2023 that Defendant filed Provisional Application No. 63/576,750 and No. 63/577,068 (attached hereto as **Exhibit 7** and **Exhibit 8**), which for the first time included drawings showing a storage box with panels. These drawings did not appear in Defendant's earlier applications.

16. Upon information and belief, these newly added drawings appear fully formed and are substantially identical to the drawings in HAIXIN's already-published CN214987334 Patent.

| *Figures From Provisional Application No. 63/577,068* | *Figures From HAIXIN Patent* |
| --- | --- |
|  |  |

- 8 -



17.    Upon information and belief, the photographs submitted in Provisional Application No. 63/577,068 in March of 2023 are substantially identical to HAIXIN's products publicly sold on Amazon since at least 2022, as shown in the chart below and **Exhibit 9**. *See* **Declaration of Qinghui Liu, ¶¶** 5-6.

PLAINTIFF'S COMPLAINT FOR
DECLARATORY JUDGMENT

**LawMay P.C.**
2108 N St., Ste. 9124
Sacramento, CA 95816
Telephone: 213-682-7241

| *Figures From Provisional Application No. 63/577,068* | *HAIXIN's 2022 Products* |
|---|---|



- 10 -

PLAINTIFF'S COMPLAINT FOR
DECLARATORY JUDGMENT

**LawMay P.C.**
2108 N St., Ste. 9124
Sacramento, CA 95816
Telephone: 213-682-7241



18.     This newly added storage box structure was subsequently carried forward into U.S. Application No. 18/542,495 (filed on December 15, 2023), and ultimately into later-issued patents, including Defendant's US 12,103,576 Patent (attached hereto as **Exhibit 10**) and the asserted '546 Patent.

19.     Upon information and belief, despite adding substantial new matter (the inward-folding storage box structure) that was absent from all earlier filings, Defendant failed to identify it as beyond the parent disclosure. Upon information and belief, Defendant misrepresented its later applications to the United States Patent and Trademark Office ("USPTO") as mere "continuations" of its earlier cart applications, rather than properly designating them as "continuations-in-part". By doing so, Defendant unlawfully attempted to claim the benefit of earlier priority

PLAINTIFF'S COMPLAINT FOR
DECLARATORY JUDGMENT

**LawMay P.C.**
2108 N St., Ste. 9124
Sacramento, CA 95816
Telephone: 213-682-7241

dates for subject matter that was never disclosed in its parent applications and was, in fact, already publicly disclosed and patented by HAIXIN.

**2. U.S. Patent No. 12,275,446 (the '446 Patent)**

20.     Regarding the '446 Patent, Defendant similarly introduced new matter during prosecution to unlawfully target Plaintiff's products. Upon information and belief, Defendant only added independent Claim 22 in January 2025 during the prosecution of the application leading to the '446 Patent, as an attempt to overcome prior art rejections. Relevant excerpts of the prosecution history are attached hereto as **Exhibit 11**. The United States Patent Office rejected the claim as being anticipated by Shall (a prior-art patent). In Defendant's response to the final office action on January 31, 2025, Defendant cancelled Claims 22-27 and added new Claims 28-33 (which ultimately became Claims 22-27 of the '446 Patent). *See* **Exhibit 12.**

21.     Upon information and belief, Claim 22 introduces features such as "at least three of the walls are configured to fold inwardly" and specific "fastener" functionalities. These features are completely absent from, and lack written description support in, the originally filed specification and drawings of the '446 Patent family tracing back to 2020.

22.     Upon information and belief, despite adding this substantial new matter,

- 12 -

PLAINTIFF'S COMPLAINT FOR
DECLARATORY JUDGMENT

**LawMay P.C.**
2108 N St., Ste. 9124
Sacramento, CA 95816
Telephone: 213-682-7241

Defendant misrepresented the application to the USPTO as a mere "continuation" of its earlier cart applications, unlawfully attempting to claim the benefit of an earlier priority date of January 6, 2021. As a result, the subject matter of Claim 22 was unlawfully granted an earlier priority date for features that were never disclosed in its parent applications and were already publicly available as prior art.

**C. Harm to Plaintiff**

23. The Amazon marketplace constitutes Plaintiff's primary sales channel. To remain competitive, Plaintiff relies on the visibility and availability of its listings. *See* **Declaration of Qinghui Liu,** ¶ 7.

24. As a direct and proximate result of Defendant's abusive Amazon Complaints, Amazon removed Plaintiff's top-selling ASINs. Defendant's actions have significantly harmed Plaintiff's business operations, resulting in lost sales and profits, a substantial reduction in product rankings on Amazon, diminished market presence, decreased monthly storefront visitors, and damaged goodwill. *See* **Declaration of Qinghui Liu,** ¶ 8.

**COUNT I**

**Declaratory Judgment of Invalidity of U.S. Patent No. 12,304,546**

25. Plaintiff repeats and realleges the preceding paragraphs as if fully set forth herein.

- 13 -

PLAINTIFF'S COMPLAINT FOR
DECLARATORY JUDGMENT

**LawMay P.C.**
2108 N St., Ste. 9124
Sacramento, CA 95816
Telephone: 213-682-7241

26.    An actual case or controversy exists between Plaintiff and Defendant as to whether the '546 Patent is invalid.

27.    A judicial declaration is necessary and appropriate so that Plaintiff may ascertain its rights as to whether the '546 Patent is invalid.

28.    The '546 Patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more provisions of the Patent Act, 35 U.S.C. §§ 101, 102, and 103, particularly in light of the prior art HAIXIN Patent and HAIXIN's prior sales.

29.    The Claims of the '546 Patent variously recite a "first latch part" and "second latch part" (Claim 1), a "first fastener member" and "second fastener member" (Claim 9), and a "first coupler member" and "second coupler member" (Claim 17). None of these elements appear in the specification or figures of the '546 Patent, so the claims lack sufficient written description and are invalid under 35 U.S.C. § 112.

30.    Plaintiff therefore seeks and is entitled to a declaratory judgment that the '546 Patent is invalid.

## COUNT II

### Declaratory Judgment of Unenforceability of U.S. Patent No. 12,304,546

### Based on Inequitable Conduct

- 14 -

PLAINTIFF'S COMPLAINT FOR
DECLARATORY JUDGMENT

**LawMay P.C.**
2108 N St., Ste. 9124
Sacramento, CA 95816
Telephone: 213-682-7241

31. Plaintiff repeats and realleges the preceding paragraphs as if fully set forth herein.

32. Plaintiff notes that FIGs. 30-43 of the '546 Patent bear a striking resemblance to Plaintiff's supplier, HAIXIN's products and to the product drawings contained in Defendant's earlier patent applications (**Exhibit 8** and **Exhibit 9**). Yet FIGs. 30-43 were never supported by any of Defendant's applications at any time prior to March of 2023.

33. As shown in the comparison charts in ¶¶16-17 above, the photographs submitted in Provisional Applications 63/577,068 are substantially identical to HAIXIN's published CN214987334 Patent drawings and HAIXIN's products publicly sold on Amazon since at least 2022. Upon information and belief, the products depicted in those photographs may be the commercially available products manufactured by HAIXIN. **Declaration of Qinghui Liu, ¶ 6.**

34. Upon information and belief, Defendant did not design, manufacture, or sell any product embodying the storage box structure depicted in those photographs prior to HAIXIN's public disclosure and commercial sale of products embodying that same structure on Amazon since at least 2022.

35. Upon information and belief, Defendant was aware of HAIXIN's prior art at the time of filing those provisional applications.

- 15 -

PLAINTIFF'S COMPLAINT FOR
DECLARATORY JUDGMENT

**LawMay P.C.**
2108 N St., Ste. 9124
Sacramento, CA 95816
Telephone: 213-682-7241

36.     Each individual associated with the filing and prosecution of the '546 Patent had a duty to disclose information material to patentability pursuant to 37 C.F.R. § 1.56. Although Defendant disclosed HAIXIN's CN214987334 Patent to the USPTO during prosecution, Defendant failed to disclose that the photographs submitted in Provisional Application No. 63/577,068 were taken directly from HAIXIN's commercially available products, and further failed to disclose HAIXIN's prior commercial sales of those products on Amazon since at least 2022.

37.     HAIXIN's prior commercial sales constitute independent prior art under 35 U.S.C. § 102(a)(1) that was never separately evaluated by the USPTO. Although Defendant disclosed HAIXIN's CN214987334 Patent during prosecution, that disclosure did not apprise the USPTO of HAIXIN's prior commercial sales on Amazon since at least 2022, which independently render the asserted claims invalid. Had the USPTO been aware of HAIXIN's prior commercial sales as a separate and independent ground of invalidity, the asserted claims of the '546 Patent would not have issued.

38.     Defendant's submission of photographs of HAIXIN's products as its own invention, combined with its failure to disclose the true source of those photographs and HAIXIN's prior commercial sales, constitutes inequitable conduct before the USPTO. The single most reasonable inference from this conduct is that

- 16 -

PLAINTIFF'S COMPLAINT FOR
DECLARATORY JUDGMENT

**LawMay P.C.**
2108 N St., Ste. 9124
Sacramento, CA 95816
Telephone: 213-682-7241

Defendant acted with intent to deceive the USPTO. Accordingly, the '546 Patent is unenforceable in its entirety.

39.   Plaintiff therefore seeks and is entitled to a judgment that U.S. Patent No. 12,304,546 is unenforceable.

## COUNT III

### Declaratory Judgment of Non-Infringement of U.S. Patent No. 12,304,546

40.   Plaintiff repeats and realleges the preceding paragraphs as if fully set forth herein.

41.   As discussed in the preceding paragraphs herein, the '546 Patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more provisions of the Patent Act, 35 U.S.C. §§ 101, 102, 103, and 112.

42.   Plaintiff has not infringed and does not infringe any valid and enforceable claim of the '546 Patent, either directly, contributorily, or by inducement, through the making, using, importing, selling, and/or offering for sale of the Seller's Products.

43.   For example, the Seller's Products do not infringe claim 9 of the '546 Patent because they do not include every limitation required by the claim. Specifically, Claim 9 requires "at least three of the walls are configured to fold

- 17 -

PLAINTIFF'S COMPLAINT FOR
DECLARATORY JUDGMENT

**LawMay P.C.**
2108 N St., Ste. 9124
Sacramento, CA 95816
Telephone: 213-682-7241

inwardly". According to the Merriam-Webster Dictionary[1], the common definition of "fold" is "to lay one part over another" or to "double" over another part. The walls of the Seller's Products do not "fold inwardly." Rather, the walls of the Seller's Products retain their generally planar shape and rigid form in all positions and configurations. They do not have one part of the wall that lays or doubles over another part of the same wall. While the walls may be able to rotate comparatively to one another, they do not "fold inwardly" as recited by the '546 Patent.

44.    Plaintiff therefore seeks and is entitled to a declaratory judgment that it has not infringed and does not infringe the '546 Patent.

## COUNT IV

### Declaratory Judgment of Invalidity of U.S. Patent No. 12,275,446

45.    Plaintiff repeats and realleges the preceding paragraphs as if fully set forth herein.

46.    An actual case or controversy exists between Plaintiff and Defendant as to whether the '446 Patent is invalid.

47.    The '446 Patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more provisions of the Patent Act, 35 U.S.C. §§ 101, 102, 103, and 112.

---

[1] https://www.merriam-webster.com/dictionary/fold

- 18 -

PLAINTIFF'S COMPLAINT FOR
DECLARATORY JUDGMENT

**LawMay P.C.**
2108 N St., Ste. 9124
Sacramento, CA 95816
Telephone: 213-682-7241

48.   Specifically, Defendant unlawfully added Claim 22 to the '446 Patent in January 2025 during prosecution. This claim recites structural features and functional states that completely lack written description support in the parent applications filed in 2020. Because Claim 22 constitutes new matter, it is not entitled to the earlier priority date.

49.   The '446 Patent (including at least Claim 22) is anticipated and/or rendered obvious by numerous prior art references (attached hereto as **Exhibits 13-17**), including but not limited to: HAIXIN's storage boxes publicly sold on Amazon since at least 2022 (ASIN B0B4FZWRVR); Chinese Patent No. CN214987334 published in December 2021; and several U.S. Patents and Publications, including U.S. Patent No. 11,191,332, U.S. Patent No. 10,315,801, U.S. Patent No. 7,699,212, U.S. Pub. No. 2019/0090602, and U.S. Pub. No. 2019/0289970.

50.   Plaintiff therefore seeks and is entitled to a declaratory judgment that the '446 Patent is invalid.

**COUNT V**

**Declaratory Judgment of Non-Infringement of U.S. Patent No. 12,275,446**

51.   Plaintiff repeats and realleges the preceding paragraphs as if fully set forth herein.

52.   An actual and justiciable controversy exists between Plaintiff and

- 19 -

PLAINTIFF'S COMPLAINT FOR
DECLARATORY JUDGMENT

**LawMay P.C.**
2108 N St., Ste. 9124
Sacramento, CA 95816
Telephone: 213-682-7241

Defendant regarding whether the Seller's Products infringe the '446 Patent, based on Defendant's Amazon Complaints enforcing said patent against Plaintiff.

53.    Plaintiff has not infringed and does not infringe any valid and enforceable claim of the '446 Patent.

54.    For example, the Seller's Products do not infringe the newly added claim 22 of the '446 Patent, which was unlawfully added during prosecution in January 2025. Similar to the '546 Patent, Claim 22 of the '446 Patent requires that "at least three of the walls are configured to fold inwardly". As detailed above, the walls of the Seller's Products retain their generally planar shape and do not "fold inwardly". They do not have one part of the wall that lays or doubles over another part of the same wall. While the walls may be able to rotate comparatively to one another, they do not "fold inwardly" as recited by the '446 Patent.

55.    Plaintiff is entitled to a declaratory judgment that it has not infringed and does not infringe the '446 Patent.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief:

A.    A judgment declaring that the '546 Patent is invalid;

B.    A judgment declaring that the '446 Patent is invalid;

C.    A judgment declaring that the '546 Patent is unenforceable due to

- 20 -

PLAINTIFF'S COMPLAINT FOR
DECLARATORY JUDGMENT

**LawMay P.C.**
2108 N St., Ste. 9124
Sacramento, CA 95816
Telephone: 213-682-7241

inequitable conduct committed before the USPTO during its prosecution;

D.     A judgment declaring that the manufacture, use, offer for sale, sale, and/or importation of Plaintiff's products do not infringe any valid claim of the '546 Patent;

E.     A judgment declaring that the manufacture, use, offer for sale, sale, and/or importation of Plaintiff's products do not infringe any valid claim of the '446 Patent;

F.     A permanent injunction enjoining Defendant from asserting the '546 Patent and the '446 Patent against Plaintiff's products and directing Defendant to withdraw its Amazon Complaints;

G.     An award of Plaintiff's damages due to Defendant's improper acts, enhanced due to the willful and exceptional nature of the case;

H.     An award of Plaintiff's costs and reasonable attorney's fees as permitted by law; and

I.     Such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury on all claims and issues so triable.

- 21 -

PLAINTIFF'S COMPLAINT FOR
DECLARATORY JUDGMENT

**LawMay P.C.**
2108 N St., Ste. 9124
Sacramento, CA 95816
Telephone: 213-682-7241

DATED: March 26, 2026             By：

*/s/ Jianchao Li*
Jianchao Li
CA. Bar No. 357591
LawMay P.C.
2108 N St., Ste. 9124
Sacramento, CA 95816
Telephone: 213-271-6014
Email: peterli@lawmayus.com

*Attorney for Plaintiff,*
*Sichuan Chaohaowan Wenhuachuangyi Co.,*
*Ltd.*

- 22 -

PLAINTIFF'S COMPLAINT FOR
DECLARATORY JUDGMENT

**LawMay P.C.**
2108 N St., Ste. 9124
Sacramento, CA 95816
Telephone: 213-682-7241